UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>vs.<br><br>B. BAKER,<br><br>Defendant. | 1:19-cv-00995-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT BAKER'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS UNDER 28 U.S.C. § 1915(g) BE GRANTED AND PLAINTIFF BE REQUIRED TO PAY THE $400.00 FILING FEE IN FULL WITHIN THIRTY DAYS**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

**I.    BACKGROUND**

Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On July 19, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) This case now proceeds with Plaintiff's original Complaint against defendant Correctional Officer B. Baker ("Defendant") for use of excessive force in violation of the Eighth Amendment. (Id.)

On January 19, 2021, defendant Baker filed a motion requesting an order revoking Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g). (ECF No 27.) On February 11,

2021 and February 17, 2021, Plaintiff filed his opposition to the motion. (ECF Nos. 31, 32; see ECF No. 34.)

Defendant Baker's motion is now before the court. Local Rule 230(*l*).

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA,[1] "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Generally, dismissals for failure to exhaust do not count as strikes under the PLRA, unless the failure to exhaust is apparent from within "the four corners of the complaint." El-Shaddai v. Zamora, 833 F.3d 1036, 1042-1047 (9th Cir. 2016) (quoting Blakely v. Wards, 738 F.3d 607, 615 (4th Cir. 2013)).

---

[1] Prisoner Litigation Reform Act, 42 U.S.C. § 1997e.

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

### III. DEFENDANT BAKER'S MOTION

As background, Defendant has recited the procedural background of this case:

> On July 19, 2019, Plaintiff filed his original complaint with the Court and moved to proceed IFP. (ECF No. 1.) On July 24, 2019, the Court recommended Plaintiff's request to proceed IFP be denied, citing to four qualifying strikes Plaintiff received prior to filing suit and finding that Plaintiff did not meet the imminent danger exception. (ECF No. 4.) Plaintiff then objected to the findings and recommendations, and the Court vacated them, finding that two of the four cases relied upon no longer qualify as strikes. (ECF No. 13 at 3.) Because both cases had not yet been dismissed following the recent remands, they could not be considered strikes. (Id.) Accordingly, Plaintiff had then only accumulated two of the necessary three strikes in order to revoke his IFP status. (Id.) On September 1, 2020, the Court screened Plaintiff's complaint and found it stated a cognizable Eighth Amendment excessive force claim against Defendant Baker. (ECF No. 18.) Plaintiff filed a notice to proceed on the cognizable claim and opted not to

amend his complaint. (ECF No. 19.) The Court then adopted the screening order
and ordered service for Defendant Baker.

(ECF No. 27-1 at 2:2-14.)

### A.     "Strikes"

Defendant argues that Plaintiff has accumulated qualifying "strikes" not considered by the court in its prior recommendation to deny Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g). Therefore, Defendant moves for an order revoking Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g) on the grounds that: (1) Plaintiff previously filed at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted; and (2) Plaintiff was not in imminent danger of serious physical injury when he filed suit. Defendant seeks to dismiss the case unless Plaintiff pays the full filing fee.

Defendant asserts that before filing this suit on July 19, 2019, Plaintiff had the following five cases dismissed that qualify as "strikes" under 28 U.S.C. § 1915(g)[2]:

### a.     Strike 1 – Trujillo v. Sherman, et al. (USDC Eastern District Case No. 1:14-cv-01401 BAM).

This case was dismissed on April 24, 2015, for failure to state a claim. (See Defs.' Req. for Judicial Notice (RJN), Ex. A-2, at 1 and 6.) Judgment was entered on April 24, 2015. (RJN Ex. A-3.) Plaintiff appealed and the dismissal was affirmed by the Ninth Circuit on January 28, 2016. (See RJN Ex. A-4.) The Ninth Circuit denied Plaintiff's petition for panel rehearing on April 26, 2016, and mandate was issued on May 5, 2016. (See RJN Ex. A-5 and A-6.) Because Plaintiff failed to state a claim, this dismissal qualifies as a "strike." This Court also previously determined this matter counts as a strike. (See ECF No. 4 at 3.)

---

[2] The court grants Defendant's request for judicial notice ("RJN") filed on January 19, 2021, and takes judicial notice of the court dockets and rulings in Plaintiff's prior cases attached to the request for judicial notice as Exhibits A-1 through H-3. (ECF No. 28, Exhs. A-1 through H-3.) A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

  b.  **Strike 2 – Trujillo v. Ruiz et al. (USDC Eastern District Case No. 1:14-cv-00975-SAB).**

This case was dismissed on January 6, 2016, for failure to state a claim upon which relief could be granted. (See RJN Ex. B-2.) Moreover, the Court specifically found that this dismissal counted as a strike under 28 U.S.C. § 1915(g). (Id.) See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and an opportunity to amend prior to dismissing for failure to state a claim). Judgment was entered on January 6, 2016. (See RJN Ex. B-3.) Plaintiff appealed and the dismissal was affirmed by the Ninth Circuit on April 19, 2017. (See RJN Ex. B-4.) The Ninth Circuit denied Plaintiff's petition for panel rehearing on December 7, 2017, and mandate was issued on December 17, 2017. (See RJN Ex. B-5 and B-6.) This Court previously found this case counts as a strike. (See ECF No. 4 at 3.)

  c.  **Strike 3 – Trujillo v. Gonzalez-Moran et al. (United States Court of Appeals for the Ninth Circuit Case No. 17-15200).**

On July 28, 2017, the Ninth Circuit concluded that this appeal was frivolous, denied Plaintiff's motion to proceed in forma pauperis and dismissed the appeal as frivolous. (See RJN Ex. C-2.) Mandate was issued on August 21, 2017. (See RJN Ex. C-3.) Since the Ninth Circuit specifically found that this case was frivolous, this appeal qualifies as a "strike."

  d.  **Strike 4 – Trujillo v. Gomez, et al. (USDC Eastern District Case No. 1:15-cv-0859 EPG).**

This case was dismissed on February 3, 2017, for failure to state a claim. (See RJN Ex. D2.) Moreover, the court specifically found that this dismissal counted as a strike under 28 U.S.C. § 1915(g). (Id.) Judgment was entered on February 3, 2017. (See RJN Ex. D-3.) Plaintiff appealed and the dismissal was affirmed by the Ninth Circuit on October 3, 2017. (See RJN Ex. D-4.) Mandate was issued on October 25, 2017. (See RJN Ex. D-5.) As noted above, the court specifically found that this case should count as a strike.

  e. **Strike 5 – Trujillo v. Gomez, et al. (USDC Eastern District Case No. 1:14-cv-1797 DAD DLB).**

  This case was dismissed and judgment entered on August 5, 2016, for failure to exhaust administrative remedies which was apparent on the face of the complaint. (See RJN Ex. E-2 through E-4.) The dismissal was affirmed by the Ninth Circuit on April 19, 2017. (See RJN Ex. E-5.) The Ninth Circuit specifically found that the District Court properly dismissed the action because it was clear from the face of the amended complaint that Plaintiff failed to exhaust his available administrative remedies prior to filing the lawsuit. (Id.) Mandate was issued on June 9, 2017. (RJN Ex. E-6.) Since the failure to exhaust his administrative remedies was apparent on the face of the complaint, this case qualifies as a strike. See El-Shaddai, 833 F.3d at 1043-44.

ECF No. 27-1 at 5:5 – 6:25.)

  **B.** **Imminent Danger Exception**

  Defendant argues that Plaintiff is not entitled to the imminent danger exception because, "[a]s the court previously found, Plaintiff's Complaint does not contain 'plausible allegations' to suggest he 'faced "imminent danger of serious physical injury" at the time of filing.'" (citing Cervantes, 439 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). (ECF No. 27-1 at 8:9-11.) Plaintiff's Complaint alleges that on July 27, 2018, at Kern Valley State Prison in Delano, California, Plaintiff was battered by Defendant Baker breaking the skin on Plaintiff's right shoulder causing severe pain. Plaintiff claimed he was at risk of being injured again by Defendant Baker.

  However, Defendant argues that Plaintiff's claims fail to meet the imminent danger exception because when this action was filed Plaintiff was housed at a different institution, North Kern State Prison in Delano, California. Defendant asserts that Plaintiff fails to specify how Defendant Baker, located at another institution, could threaten him while housed at North Kern State Prison at the time he filed the Complaint. Thus, Defendant concludes that Plaintiff did not show he faced a real, present threat of serious physical injury by Defendant Baker at the time he filed the Complaint.

///

## IV. PLAINTIFF'S OPPOSITION

In opposition to defendant Baker's motion, Plaintiff argues that he does not have his legal property due to property staff refusing to transpack the property with him when he was transferred from Pelican Bay State Prison to Kern Valley State Prison for court proceedings.

## V. DISCUSSION

After defendant Baker filed his motion to revoke Plaintiff's *in forma pauperis* status on January 19, 2021, Plaintiff filed documents on February 11, 2021 and February 17, 2021, which he titled as "motion[s] to retain the pending case." (ECF Nos. 31, 32.) The court construed these motions as motions to stay this case until Plaintiff had access to his legal property, and the court granted Plaintiff an extension of time to file his opposition to defendant Baker's motion to revoke Plaintiff's *in forma pauperis* status. (ECF No. 33.) However, Plaintiff responded back on March 12, 2021, clarifying that he had submitted his oppositions in February 2021. Thus the court now construes Plaintiff's "motion[s] to retain the pending case" as his opposition to defendant Baker's motion.

Plaintiff's opposition does not address Defendant's arguments that Plaintiff had more than three cases dismissed under 28 U.S.C. § 1915(g) before filing this case, nor whether Plaintiff was in imminent danger of serious physical injury at the time he filed the complaint for this action on July 19, 2019.

Defendant Baker has submitted evidence that Plaintiff was subject to more than three "strikes" under 28 U.S.C. § 1915(g) when he filed this case. (See Defendant's Request for Judicial Notice and Exhibits A-1 through H-2, ECF No. 28.) A review of the evidence reveals that Plaintiff was subject to 28 U.S.C. § 1915(g) when this case was filed and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time this case was filed, under imminent danger of serious physical injury.

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury

must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has carefully reviewed Plaintiff's Complaint and finds it does not contain "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." Cervantes, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Plaintiff alleges in the Complaint that on July 27, 2018, at Kern Valley State Prison in Delano, California, Correctional Officer B. Baker escorted Plaintiff to a transportation van to be taken to his holding cell in Administrative Segregation. Plaintiff stepped into the van and into a holding cell inside the van. Defendant Baker battered Plaintiff by slamming the door of the holding cell against Plaintiff with full force onto the right side of Plaintiff's body. Plaintiff claims that defendant Baker used force against him out of retaliation for Plaintiff filing 602 grievances and bringing a prior lawsuit against him. The injury broke Plaintiff's skin on his right shoulder causing severe pain.

Plaintiff claims he was at a risk of being injured again by C/O Baker at the time he filed the Complaint in this case because C/O Baker had an ongoing pattern of causing Plaintiff physical injury. As proof of this ongoing pattern Plaintiff submits the Third Level decision for his 602 appeal log no. KVSP-18-00836, in which Plaintiff alleges that on March 29, 2018, on the way back from an interview, C/O Baker became aggressive with Plaintiff because Plaintiff got up from the chair. (ECF No. 1 at 43; Exh. to Complaint.) Plaintiff alleges that Baker slammed him against the telephone box and holding cells for no reason and when they arrived at Plaintiff's cell, Baker slammed Plaintiff against the cell and kicked him on the leg. (Id.) Plaintiff states that he felt pain on the right side of his face, chest, shoulders, and both wrists.

These claims fail to plausibly meet § 1915(g)'s exception for imminent danger. See Cervantes, 493 F.3d at 1055-56 (plaintiff must allege to face a real, proximate and/or ongoing danger at the time of filing); Prophet v. Clark, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(g) exception for cases of "imminent danger of serious physical injury"). Plaintiff has not alleged facts showing that he faced a real, present threat of serious physical injury by C/O Baker at the time he filed his Complaint. Plaintiff's assertions that he was injured twice by C/O Baker -- on March 29, 2018, and July 27, 2018 -- are insufficient, without more, to show an ongoing pattern of behavior by C/O Baker that placed Plaintiff in imminent danger of serious physical injury. Plaintiff's contention that he is *always* in danger of harm by C/O Baker, without substantial supporting allegations, does not show imminent danger under § 1915(g).

Moreover, defendant Baker provides evidence that when Plaintiff filed his Complaint on July 19, 2019, he was housed at a different institution, North Kern State Prison in Delano, California, and Plaintiff has not shown how defendant Baker, located at Kern Valley State Prison, could threaten him as he was housed at North Kern State Prison at the time he filed the Complaint.

Based on the foregoing, the court finds that defendant Baker has submitted evidence showing that Plaintiff was subject to more than three "strikes" under 28 U.S.C. § 1915(g) when he filed this case, and that he was not under imminent danger of serious physical injury at the time he filed this case. Therefore, the court shall recommend that defendant Baker's motion to revoke Plaintiff's *in forma pauperis* status in this case be granted and that Plaintiff be required to pay the $400.00 filing fee in full before proceeding with this case.

**IV.   CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.   Defendant Baker's motion to revoke Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g), filed on January 19, 2021 be GRANTED;

///

    2.      Plaintiff be REQUIRED to submit the $400.00 filing fee for this case in full within thirty days; and

    3.      This case be REFERRED back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **April 10, 2021**           **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE