UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. RODRIGUEZ, et al.,<br><br>　　　　Defendants. | No. 1:19-cv-00995-DAD-GSA (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT<br><br>(Doc. Nos. 44, 47) |

Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 19, 2021, defendant Baker filed a motion to revoke plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g). (Doc. No. 27.) Plaintiff opposed the motion. (Doc. Nos. 31, 32.) On April 12, 2021, the assigned magistrate court issued findings and recommendations, recommending that defendant Baker's motion to revoke plaintiff's *in forma pauperis* status be granted and plaintiff be required to submit the filing fee for this action in full within thirty days. (Doc. No. 36.) On May 18, 2021, the undersigned adopted the findings and recommendations in full. (Doc. No. 37.)

/////

1

On June 1, 2021, plaintiff informed the court that he had filed objections to the findings and recommendations on April 18, 2021 (Doc. No. 39); however, the court had no record that plaintiff's objections had been received. On July 7, 2021, the court issued a minute order allowing plaintiff to file his proposed objections within thirty days. (Doc. No. 40.) On July 27, 2021, plaintiff filed objections to the findings and recommendations. (Doc. No. 44.) On August 10, 2021, defendant Baker filed a response to the objections. (Doc. No. 45.) The court now construes plaintiff's objections as a motion for reconsideration of the court's May 18, 2021 order.

Federal Rule of Civil Procedure 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce

2

the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Plaintiff contends that he should not be required to pay the entire filing fee in full to proceed with this case because he is indigent and that one of the cases determined by the court to be a "strike," *Trujillo v. Gomez*, No. 1:15-cv-00859-EPG (PC), does not qualify as a "strike" dismissal because the case was dismissed for failure to exhaust administrative remedies. (Doc. No. 44 at 1–2.) Plaintiff also argues that the magistrate judge erred in finding that he did not qualify for the imminent danger exception under § 1915(g) at the time he filed the complaint on July 19, 2019, alleging he had been subject to an ongoing pattern of physical injury within a short period of time because he received verbal threats and physical injuries by defendant Baker on two separate incidents less than six months apart. (*Id.* at 3–5.) Plaintiff contends that even after he was transferred from Kern Valley State Prison (KVSP) to North Kern State Prison (NKSP), from where he filed his complaint, he was still in imminent danger of harm by defendant Baker because he bore the scars of defendant Baker's abuse. (*Id.* at 4–5.) Plaintiff also asserts that he learned that on April 8, 2021, confidential information was received by gang investigators that plaintiff may be targeted for assault by members of the Mexican Mafia. (*Id.*)

Defendant opposes plaintiff's motion for reconsideration of the court's order revoking plaintiff's *in forma pauperis* status because plaintiff has accumulated three strike dismissals under the PLRA and is not entitled to relief under the imminent danger exception of 28 U.S.C. § 1915. (Doc. No. 45.) Defendant argues that the dismissal of plaintiff's action, *Trujillo v. Gomez*, No. 1:15-cv-00859-EPG (PC), constitutes a "strike" because that dismissal order was issued for failure to state a claim. (*Id.* at 2–3.) Specifically, the court found in that case that plaintiff's allegations failed to state a claim and the dismissal counted as a "strike." (*Id.* at 3.) Moreover, even if that dismissal order were not to qualify as a strike, defendant notes that plaintiff still had an additional four qualifying strikes of the three strikes needed to revoke his *in forma pauperis* status. (*Id.* at 3; *see also* Doc. Nos. 36, 37.) Defendant also contends that plaintiff does not qualify for the imminent danger exception because his objections are conclusory, and he has not

3

shown that he was under imminent danger of serious physical injury at the time he filed the complaint for this case because plaintiff was housed at a different institution, NKSP, when this action was filed. (*Id.* at 3–5.) Defendant contends that allegations from a use of force event in July 2018 have no relationship to the Mexican Mafia or any threats of attack in April 2021, nearly three years after the incident giving rise to Plaintiff's complaint and almost two years after plaintiff filed this suit. (*Id.* at 5.)

Defendant's arguments are persuasive. Plaintiff has not supported his arguments that he should not be required to pay the filing fee in full within thirty days before his case can proceed; that he has not accumulated at least three strikes under the PLRA; or that he qualifies for the imminent danger exception under 28 U.S.C. § 1915(g).

Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff fails to meet this burden. At the time plaintiff filed the complaint for this action on July 19, 2019, he had been transferred from KVSP to NKSP, leaving defendant Baker behind at KVSP. Therefore, plaintiff's argument that he was in imminent danger of serious physical harm from defendant Baker on the date he filed the complaint in this action lacks any basis and is therefore unpersuasive.

Based on the foregoing, plaintiff has not presented any new facts or law that would compel the court to reverse its prior decision.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 44) filed on July 27, 2021 is denied;

2. Plaintiff's application to proceed *in forma pauperis* (Doc. No. 47) filed on August 13, 2021 is denied as moot;

3. Within thirty days from the date of service of this order, plaintiff is required to pay the $400.00 filing fee for this case in full;

4. Plaintiff's failure to comply with this order may result in dismissal of this case in its entirety; and

5. No other motions for reconsideration or objections shall be considered by the court in this regard.

IT IS SO ORDERED.

Dated: **September 29, 2021**　　　　　　　　／s／ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE