UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>B. BAKER,<br><br>    Defendant. | No. 1:19-cv-00995-DAD-GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. Nos. 53, 54) |

    Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On November 15, 2021, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed due to plaintiff's failure to obey the court's order directing him to pay the required filing fee to proceed with this action. (Doc. No. 50.) Those findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days. (*Id.* at 3.) After no timely objections were filed, this court adopted the findings and recommendations on January 7, 2022, and this case was closed. (Doc. No. 51.)

    On January 12, 2022, plaintiff filed untimely objections to the findings and recommendations. (Doc. No. 53.) Then, on January 20, 2022, plaintiff filed objections to the

court's order dismissing the case.  (Doc. No. 54.)  Because this case has already been closed, the court will construe both sets of objections as motions for reconsideration of the court's prior orders.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control."  *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, plaintiff has not set forth facts or law of a convincing nature that would compel the court to reverse its prior decision.  Rather, plaintiff reasserts the same unpersuasive arguments he

made previously that the court cannot revoke his *in forma pauperis* status because he cannot afford to the pay the filing fee. (*See* Doc. No. 44.) As previously explained, plaintiff has accrued the requisite three prior strike dismissals that authorize the court to revoke his *in forma pauperis* status in this case, which the court did. (Doc. No. 49.) Plaintiff then failed to pay the required filing fee in full before the court-imposed deadline. Accordingly, the court dismissed the case. (Doc. No. 51.) Plaintiff's motion for reconsideration will be denied.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. Nos. 53, 54) is denied;
2. The court will not consider any further filings and will not issue any further orders in this closed case; and
3. This case remains closed.

IT IS SO ORDERED.

Dated: **January 26, 2022**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE